Jeremy S. Golden (SBN 228007)
Cory M. Teed (SBN 299780)
Golden & Cardona-Loya, LLP
3130 Bonita Road, Suite 200B
Chula Vista, CA 91910
cory@goldencardona.com
Phone: 619-476-0030; Fax: 775-898-5471
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDAN O'ROURKE, <br><br> Plaintiff, <br><br> v. <br><br> EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES, LLC; TRANS UNION LLC; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No.: '25CV2352 BEN MSB <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** |

## I. INTRODUCTION

1)      This is an action for damages brought by an individual consumer against Defendants for actual, statutory and punitive damages, and costs and attorneys' fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* ("FCRA") and the California Consumer Credit Reporting Agencies Act, Civil Code §1785.1 *et seq.* ("CCRAA") both of which prohibit unlawful credit reporting.

//

//

COMPLAINT AND DEMAND FOR JURY TRIAL

## II.  JURISDICTION AND VENUE

2)  Jurisdiction of this Court arises under 28 U.S.C. §1331.  Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.  Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## III.  PARTIES

3)  Plaintiff BRENDAN O'ROURKE is a natural person residing in the State of California, County of San Diego.

4)  Defendant EXPERIAN INFORMATION SOLUTIONS, INC. ("EXPERIAN") at all times relevant was a corporation doing business in San Diego County, California operating from an address at 475 Anton Blvd., Costa Mesa, CA 92626.  EXPERIAN is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f) and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d) to third parties. EXPERIAN disburses such consumer reports to third parties under contract for monetary compensation.

5)  Defendant EQUIFAX INFORMATION SERVICES, LLC ("EQUIFAX") at all times relevant was a limited liability company doing business in San Diego County, California operating from an address at 1550 Peachtree Street NW, H46, Atlanta, GA 30309. EQUIFAX is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f) and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d) to third parties. EQUIFAX disburses such consumer reports to third parties under contract for monetary compensation.

6)  Defendant TRANS UNION LLC ("TRANS UNION") at all times relevant was a limited liability company doing business in San Diego County, California operating from an address at 555 W Adams St., Chicago, IL 60661. TRANS UNION is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f) and is regularly engaged in the

2
COMPLAINT AND DEMAND FOR JURY TRIAL

business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d) to third parties. TRANS UNION disburses such consumer reports to third parties under contract for monetary compensation.

7)      The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sue these Defendants by such fictitious names.  Plaintiff is informed and believes, and alleges that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff.  Plaintiff requests that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

## IV.  FACTUAL ALLEGATIONS

8)      Plaintiff is a victim of identity theft.  An identity thief took out five (5) student loans in Plaintiff's name that were serviced by EdFinancial Services (the "Accounts").  The Accounts were obtained, and any balance incurred, was the result of identity theft as Plaintiff did not authorize anyone to open the Accounts under his name or as a co-signor.

9)      Plaintiff discovered the fraudulent Accounts, the balances, and the identity theft when he attempted to apply for a new credit card and was denied.  After the denial, Plaintiff reviewed his credit reports and discovered the fraudulent Accounts on his credit file.

10)     EXPERIAN, EQUIFAX, and TRANS UNION (collectively known as "the CRAs") inaccurately reported the Accounts to Plaintiff's credit file.

11)     EdFinancial Services is reporting the Accounts to Plaintiff's credit file with the CRAs as being past due with late payments and balances of: $3,740, $2,383, $4,866, $2,373, and $3,699.

//

12)   The information EdFinancial Services is reporting to the CRAs is false as Plaintiff was not late on any alleged payments and did not incur the alleged balances as he was a victim of identity theft.

13)   Plaintiff filed a police report and an FTC Identity Theft Report regarding the identity theft involving the Accounts.

14)   Plaintiff provided the CRAs a copy of the police report and FTC Identity Theft Report.

15)   Plaintiff disputed the false information with EdFinancial and the CRAs in writing and attached a copy of the police report and FTC Identity Theft Report.

16)   The CRAs failed to conduct reasonable investigations into the disputes alleged by Plaintiff and continue to report the Accounts inaccurately on his credit file.

17)   The CRAs negligently produced consumer reports with respect to Plaintiff's credit that contain the false information.

18)   The CRAs further negligently failed to maintain reasonable procedures designed to avoid the reporting of the false information.

19)   As a result of Defendants' conduct, Plaintiff's credit worthiness has been damaged.

20)   Plaintiff further suffered emotional distress.

## V.  FIRST CLAIM FOR RELIEF

### (Against All Defendants for Violations of the FCRA)

21)   Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

22)   The CRAs violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

23)   The CRAs violated 15 U.S.C. §1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; and by failing to maintain reasonable procedures with

which to filter and verify disputed information in the Plaintiff's credit file.

24)    The Defendants' unlawful conduct damaged Plaintiff as referenced above.

25)    The Defendants' unlawful conduct was willful.

26)    Plaintiff is entitled to recover damages under 15 U.S.C. §§1681n and/or 1681o.

27)    Plaintiff is further entitled to recover costs and attorneys' fees from the Defendants pursuant to 15 U.S.C. §§1681n and/or 1681o.

## VI.  SECOND CLAIM FOR RELIEF

### (Against All Defendants for Violation of the CCRAA)

28)    Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

29)    Defendants violated the CCRAA by, including but not limited to, the following:

(a)    The CRAs violated California Civil Code §1785.14(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff; and

(b)    The CRAs violated California Civil Code §1785.16 by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file.

30)    Defendants' acts as described above were done negligently and/or intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

31)    As a proximate result of Defendants' violations enumerated above, Plaintiff has been damaged in amounts which are subject to proof.

32)    Defendants' violations were willful and knowing.  Defendants are therefore liable to Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to California Civil Code §1785.31.

//

//

//

COMPLAINT AND DEMAND FOR JURY TRIAL

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants, and each of them, for the following:

    (a)    Actual damages;

    (b)    Statutory damages;

    (c)    Costs and reasonable attorneys' fees;

    (d)    Punitive damages; and

    (e)    For such other and further relief as the Court may deem just and proper.

Date: September 9, 2025        /s/Cory M. Teed_____

                                Cory M. Teed
                                Attorney for Plaintiff

### DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

Date: September 9, 2025        /s/Cory M. Teed_____

                                Cory M. Teed
                                Attorney for Plaintiff

COMPLAINT AND DEMAND FOR JURY TRIAL